IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> Plaintiff, <br><br> vs. <br><br> **BENJAMIN DEPUTY BROWN,** <br><br> Defendant. | **MEMORANDUM DECISION & ORDER** <br><br> Case No. 2:17-CR-131-DAK <br><br> Judge Dale A. Kimball |

      This matter is before the court on Defendant's motion to be removed from the federal sex offender registry [ECF No. 55]. The United States opposed Defendant's motion on December 12, 2023. Defendant has not filed a reply, but the time for doing so has passed. The court, therefore, considers the motion fully briefed.

      Defendant pled guilty to possession of child pornography, a violation of 18 U.S.C. § 2252A(a)(5)(B). On May 2, 2018, the court sentenced Defendant to time served, and 90 months supervised release, which was to include 30 months of home confinement. On July 3, 2019, the court terminated Defendant's term of home confinement. On March 24, 2022, the court granted early termination of Defendant's term of supervised release.

      Defendant's conviction for possession of child pornography required him to register as a tier I sex offender under the Sex Offender Registration and Notification Act ("SORNA"), 34 U.S.C. § 20913. A tier I sex offender must register for 15 years. 34 U.S.C. § 201915(a)(1). This period can be reduced by five years if the defendant maintains a "clean record" for 10 years. 34 U.S.C. § 20915(b).

The United States argues that this court lacks jurisdiction to consider Defendant's motion. However, the court has addressed this issue in a prior case and determined that as the sentencing court, it maintains jurisdiction to decide such motions. *United States v. Zweibel*, No. 2:06-CR-720-DAK, 2023 WL 2480052, at *1 (D. Utah March 13, 2023) (citing *United States v. Stovall*, No. 06-cr-286-REB, 2021 WL 5086067, at *1 (D. Colo. Nov. 2, 2021); *United States v. Kite*, No. 5:05-cr-22, 2023 WL 1956687 (W.D. Va. Jan. 13, 2023); *United States v. Davenport*, No. CR-06-06-M-DWM, 2022 WL 4547652 (D. Mont. Sept. 29, 2022); *United States v. Templin*, 354 F.Supp.3d 1181 (D. Mont. 2019)). Despite the contrary case law cited by the United States, the court continues to believe that it has jurisdiction to address the collateral consequences of Defendant's criminal conviction.

Although the court has jurisdiction to address Defendant's motion, the court cannot change the time periods provided for in SORNA. Defendant must maintain a "clean record" for ten years before the court can terminate the remaining five years of his registration requirement under SORNA. 34 U.S.C. § 20915(b). Because he must maintain a clean record until May 2028 before the court can reduce the registration requirement, the court denies Defendant's motion as premature.[1]

DATED this 11th day of January 2024.

BY THE COURT:

DALE A. KIMBALL
United States District Judge

---

[1] At this time, there is no need for the United States Probation Office to confirm that Defendant has a clean record as defined in SORNA.